UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDMUND VOGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13 CV 1541 RWS |
| ) | |
| ANHEUSER BUSCH COMPANIES, INC., ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Edmund Vogel brings this action against Defendants Anheuser Busch Companies, Inc. ("A-B") and The Prudential Insurance Company of America ("Prudential") seeking (1) to recover civil penalties against A-B, (2) to recover benefits due, (3) to obtain equitable estoppel, and (4) to redress breaches of fiduciary duties. On May 16, 2014, Vogel filed motions to compel A-B and Prudential [#26 and #27]. I held a hearing on Vogel's motions to compel on July 2, 2014. At the hearing, Vogel and Prudential informed me that they resolved this specific discovery dispute.[1] Accordingly, I will deny Vogel's motion to compel Prudential as moot. For the following reasons, I will grant, in part, Vogel's motion to compel A-B.

Vogel submitted Interrogatories and Requests to Produce to A-B on January 27, 2014. In its response, A-B objected to every discovery request and provided no substantive responses. After Vogel filed his motion to compel, A-B provided substantive responses to

---

[1] Prudential represented to the Court that it has informed Vogel that it possesses no documents responsive to Vogel's discovery request.

some of Vogel's discovery requests. However, Vogel maintains that A-B's disclosures are insufficient and that he is entitled to additional discovery regarding his claims for civil penalties and equitable estoppel.

On June 13, 2014, before the hearing on Vogel's motion to compel, A-B moved for summary judgment in its favor on each of Vogel's four counts. A-B argues that no additional discovery is needed on Vogel's civil penalties claim because Vogel never requested a copy of his application for supplemental life insurance, and therefore, as a matter of law, A-B cannot be penalized. Yet Vogel argues that he did request such plan documents. Additionally, A-B argues that no further discovery is needed regarding Vogel's equitable estoppel claim because it is nothing more than a thinly disguised claim for benefits. At this stage in litigation, I am not prepared to conclude that Vogel's equitable estoppel claim is futile. While Defendants may ultimately be entitled to summary judgment, I will not prematurely rule on any dispositive motions before allowing appropriate discovery to take place. Because additional discovery may uncover genuine issues as to material facts, Vogel is entitled to limited discovery regarding his claims for civil penalties and equitable estoppel.

Accordingly,

**IT IS HEREBY ORDERED** that Vogel's motion to compel Prudential [#27] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Vogel's motion to compel A-B [#26] is **GRANTED.** The parties shall meet and confer in an effort to narrow the scope of discovery consistent with the discussion at the hearing and reduce the burden on A-B to produce relevant information regarding Vogel's claims for civil penalties and equitable estoppel. A discovery status conference is set for **August 27, 2014 at 10:00 a.m.** in Courtroom 16-South.

**IT IS FURTHER ORDERED** that Vogel's request for attorney's fees and expenses is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2014.