IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDMUND VOGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 4:13-cv-1541RWS |
| v. | ) |
| | ) |
| ANHEUSER BUSCH COMPANIES, INC., | ) |
| | ) |
| and | ) |
| | ) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO RECONSIDER

Defendant Anheuser-Busch Companies, LLC, as Plan Administrator for the Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, LLC and its Subsidiaries ("Anheuser-Busch" or "Defendant") respectfully requests that the Court reconsider its ruling made at the discovery status conference on August 27, 2014 regarding production of entire mailing lists other than the life insurance summary plan description mailing list from 2006. Plaintiff does not claim that he did not receive materials that were mailed pursuant to the other lists, and production of the other mailing lists would unnecessarily expand discovery in this ERISA case.

## BACKGROUND

Plaintiff filed this case alleging that he did not receive life insurance benefits he purportedly was promised. Plaintiff claims that he understood he was going to receive life insurance benefits equal to five times his pay when he elected his benefits, and he claims that he never received a Summary Plan Description ("SPD") or other plan document that told him

1

otherwise.  Anheuser-Busch disputes Plaintiff's claims and contends that Plaintiff received a life insurance SPD during the normal course of distribution.  During the course of discovery, Anheuser-Busch produced the SPD at issue and a corresponding redacted mailing list from 2006 that contains Plaintiff's name and address.  Hence, the mailing list shows that Plaintiff received the SPD.

Plaintiff sought discovery from Anheuser-Busch and filed a motion to compel.  After a hearing on the motion, the Court ordered the parties to meet and confer regarding the scope of discovery.  The parties did so and resolved the majority of the areas of dispute.  During the meet and confer, Anheuser-Busch agreed to produce documents that showed its normal custom and practice of sending mailing lists and materials for mailing to Garlich Printing.  The additional documents that Anheuser-Busch agreed to produce were transmittal emails to Garlich Printing instructing Garlich Printing to mail Plan materials, the corresponding Plan material to be mailed, and a redacted mailing list.  These documents were not responsive to any discovery request but were additional documents Anheuser-Busch was providing to supplement its Rule 26 disclosures.

The Court ordered the parties to appear for a discovery status conference on August 27, 2014 to discuss any issues that the parties were unable to resolve. The main dispute at the conference was the 2006 redacted mailing list.  Plaintiff argued that he needed an unredacted copy of the list to show that the list was inaccurate.  Plaintiff claimed at the conference (and at the motion to compel hearing and in other filings) that he had represented up to a dozen former Anheuser-Busch employees who claimed that they did not get a life insurance SPD either.  According to Plaintiff, if he could show that others he had represented were on the mailing list for the life insurance SPD, his argument that Plaintiff did not receive the life insurance SPD

would be bolstered.  Defendant argued that the unredacted mailing list had little to no probative value and requiring production of the list would unnecessarily broaden discovery, particularly since this is an ERISA case.  Ultimately, the Court ruled that Plaintiff was to provide Defendant its list of ten to twelve Anheuser-Busch employees whom Plaintiff claimed did not receive the life insurance mailing, and if those people were on the mailing list, Defendant was to produce an unredacted mailing list for the 2006 life insurance SPD mailing.[1]  The same was true of the other mailing lists – Defendant was to produce unredacted copies of the mailing lists if any of the ten to twelve Anheuser-Busch employees whom Plaintiff claimed did not receive the life insurance mailing were on the list.  Plaintiff was to provide the list of ten to twelve employees within fifteen days, and then Defendant was to produce the lists, if any, thirty days after receiving the list of names.

Fifteen days after the hearing, Plaintiff sent Defendant its list as ordered by the Court.  Instead of containing the names of ten to twelve people, the list contained the names of **one hundred fifteen** people whom Plaintiff claimed "*may* not have received plan document" while employed by Anheuser-Busch.  Plaintiff stated that the list was provided "pursuant to our conference" with the Court.  The list was obviously padded.  As just one example, the list contained the name of Richard Knorr.  Plaintiff's counsel represented Mr. Knorr in a lawsuit against Anheuser-Busch, and there was **no** allegation in the lawsuit regarding failure to receive Plan documents during the normal course of distribution.  Defendant suspected that there were many individuals on the list like Mr. Knorr.  Defendant requested that Plaintiff reconsider the list and provide an updated list.

---

[1] The "ten to twelve" number came from Plaintiff.  At the conference on August 27, 2014, Plaintiff claimed that he had affidavits from ten to twelve Plan participants who swore that they did not receive Plan documents.  This is consistent with Plaintiff's other representations to the Court regarding the number of other individuals who claim they did not receive documents.  See Doc. No. 34 (Plaintiff's reply in support of motion to compel stating the number was around a dozen).

Plaintiff provided a second list by letter dated September 23, 2014.  The list contains the names of fifteen individuals, and in the accompanying letter, Plaintiff claims that names on the list are the dozen or so former employees he alluded to at the hearing.  Curiously, Plaintiff also states that he did not represent one way or the other whether everyone on the prior list of one hundred fifteen people were individuals who claimed not to have been mailed regular Plan documents.  Hence, Defendant understood that the list provided on September 23, 2014 triggered its obligation to provide unredacted lists within thirty days.

## ARGUMENT

Defendant will produce the 2006 life insurance SPD mailing list and is not asking the Court to reverse its ruling on that document.[2]  Defendant, however, respectfully requests the Court to reconsider its decision regarding the production of mailing lists other than the 2006 life insurance SPD mailing list.  Production of those lists will unnecessarily expand the scope of discovery.  Plaintiff does not allege that he did not receive documents that were sent using the other mailing lists, and there are other ways (besides production of the lists) to verify whether or not Plaintiff received documents that were sent pursuant to the lists.  Moreover, Defendant has reason to question the list of names provided by Plaintiff.

First, production of lists other than the 2006 life insurance SPD mailing list is unnecessary to test the veracity of those lists.  In this case, Plaintiff alleges that he did not receive the life insurance SPD that was mailed to him in 2006.  Plaintiff makes **no** allegations regarding the materials mailed with the use of the other mailing lists.  Defendant mailed the life insurance SPD to Plaintiff as part of its normal custom and practice which included sending materials to be mailed and a mailing list to Garlich Printing for mailing.  Defendant followed this normal custom

---

[2] As raised at the August 27, 2014 hearing, Defendant seeks a confidentiality protective order to govern the production of any lists.  Defendant sent a proposed protective order to Plaintiff but has not received a response.

4

and practice to mail the 2006 life insurance SPD, but Plaintiff claims that he did not receive it. As a way to support its argument that the 2006 life insurance SPD was mailed, Defendant produced a redacted copy of the 2006 mailing list and other redacted mailing lists under which other Plan documents were mailed.  In considering how to resolve the "he said/she said" of whether Plaintiff received the 2006 life insurance SPD, the Court ordered Defendant to produce the unredated list if names of other Anheuser-Busch employees who claim they did not receive a life insurance plan appeared on the list.  In that way, Plaintiff's claim that he did not receive the 2006 life insurance SPD would be bolstered if the names of those other employees appeared on the lists.  In short, the Court used the allegations of other individuals to test the veracity of the 2006 life insurance mailing list.

The allegations of other individuals are not needed to test the veracity of the other mailing lists.  The Court can determine whether or not Plaintiff received Plan documents that were mailed pursuant to these other lists through other means.  First of all, Plaintiff has never claimed that he did not receive Plan documents that were mailed with the use of the other lists, and the documents that were mailed through these lists are not at issue in this lawsuit. Documents such as prescription drug and health insurance SPDs, 401K information, summary annual reports, and enrollment materials were mailed with use of the other lists.  If Plaintiff wants to take issue with the other lists, the veracity of those lists can be tested by discovery directed to Plaintiff.  For example, Plaintiff can confirm that he was aware of the health insurance benefits that were described in the health insurance SPD because he received the SPD and/or knew how to (and did) receive health insurance during the relevant timeframe.  Similarly, Plaintiff can confirm whether he received information regarding dental benefits and/or received dental benefits during the relevant timeframe.  Since the Court is inclined to permit narrow

5

discovery in this case, the veracity of the other lists can be tested through questioning of Plaintiff either through deposition or written discovery.  Proceeding in this manner will be efficient and will not broaden discovery any more than necessary.

Second, production of the other mailing lists should not be had because Defendant has reason to doubt the validity of the list of former employees that trigger the production of the other mailing lists.  Plaintiff was ordered to provide Defendant with a list of the dozen or so former Anheuser-Busch employees who claim they did not receive the life insurance SPD during the normal course of mailing, and Defendant was to produce unredacted mailing lists if any of the names appeared on mailing lists.  In response to the Court's order, Plaintiff provided a list containing over one hundred names.  Plaintiff (at Defendant's request) provided a revised list that contains the names of fifteen people.

The revised list, though, still appears to contain the names of individuals who should not be on the list.  For example, Plaintiff listed Nathaniel Frazier as a former employee who purportedly did not receive a life insurance SPD during the normal course of distribution.  Mr. Frazier filed a lawsuit against Anheuser-Busch and Prudential, and his case centered on whether he was totally and permanently disabled under the Plan.[3]  As for Mr. Frazier's claims regarding Plan documents, the focus of Mr. Frazier's claim was that he did not receive Plan documents **upon request**.  Mr. Frazier never made an equitable estoppel claim as Plaintiff does here. Instead, Mr. Frazier pushed his claim for penalties for alleged failure to provide documents upon request.  A document penalty claim is far different than a claim based on failure to provide documents in the normal course of distribution.  Mr. Frazier is not an individual who should trigger production of documents here.

---

[3] Mr. Frazier dismissed his case with prejudice in August 2011.

6

The same is true for another individual on the list, B.G.  Plaintiff claims that B.G. is an individual who never received the life insurance SPD while employed.  Anheuser-Busch has **no** record of B.G. ever making a complaint to Anheuser-Busch that he did not receive Plan documents.  Anheuser-Busch also has no record of B.G. making a worker's compensation claim or other claim that would alert Anheuser-Busch to B.G. having a potential injury or disability.  Given the vigorous nature in which Plaintiff's counsel pursues claims against Anheuser-Busch, Defendant has reason to doubt that B.G. even has a claim of failure to receive documents at all.  Defendant should not have to produce documents based on a list that may be inaccurate.

## CONCLUSION

For the foregoing reasons, Defendant Anheuser-Busch Companies, LLC, as Plan Administrator for the Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, LLC respectfully requests that the Court reconsider its ruling made at the discovery status conference on August 27, 2014 regarding production of mailing lists other than the life insurance SPD mailing list from 2006.


Dated:  October 13, 2014			Respectfully submitted,

						DOWD BENNETT LLP

						By:     /s/ Jennifer L. Aspinall
						James F. Bennett
						Jennifer L. Aspinall #56379MO
						Selena L. Evans, #62637MO
						DOWD BENNETT, LLP
						7733 Forsyth, Suite 1900
						St. Louis, MO 63105
						Telephone: (314) 889-7300
						Facsimile:  (314) 863-2111
						jbennett@dowdbennett.com
						jaspinall@dowdbennett.com
						sevans@dowdbennett.com

*Attorney for Defendant Anheuser-Busch*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 13, 2014, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record:

Phillip A. Tatlow
Bollwerk, Ryan & Tatlow LLC
10525 Big Bend Boulevard
Kirkwood, MO  63122
pat@bollwerkryan.com


                                                          /s/ Jennifer L. Aspinall

4813-7010-1791, v.  1